## UMPHREYS *et al. vs.* HENDRICKS.

1. One of the two witnesses to a deed pertinent to the issue, was a party defendant in the case. He was offered by the defendant as a witness to prove the deed, no excuse having been given for not calling the other subscribing witness. *Held*, That he was not competent.

2. As to the excessiveness of the damages—

Trespass, vi et armis, in Paulding superior court. Tried before Judge BROWN, at April Term, 1857.

This was an action of trespass brought by Asa Hendricks against Jesse Umphreys and others, for assaulting, beating and wounding the plaintiff.

The testimony is very voluminous, and its insertion not deemed necessary to a clear understanding of the points adjudicated. The dispute and difficulty arose in reference to the use of a road, which defendants undertook to obstruct, so as to prevent the plaintiff from passing with his wagons, &c. During the trial, defendant offered in evidence a deed executed by William Allen to Allen Umphreys, conveying the lot of land on which the road in dispute was located, and where the assault and beating occurred, and proposed to prove its execution by one of the witnesses thereto, who was a defendant in the action. The court rejected the witness on the ground of

Umphreys et al. vs. Hendricks.

incompetency, being a defendant. To which ruling de-
fendant excepted.

The jury returned a verdict of seven hundred and fifty
dollars damages for plaintiff.

Whereupon counsel for defendants moved for a new
trial, two of the grounds of which were, that the court
erred in refusing the proof as to the deed, and that the
damages found by the jury were excessive.

· The court refused the motion for a new trial, and defend-
ant excepted.

NIGHT, and CHISOLM & WADDELL, for plaintiffs in error.

IRVIN & LESTER, *contra*.

*By the Court.*—BENNING, J., delivering the opinion.

Was the court right in overruling the motion for a new
trial ?

Only two of the grounds were insisted on ; viz : that as
to the exclusion of the witness to the deed; and that as
to the excessiveness of the damages.

1. We think that the court was right in excluding the
witness offered to prove the deed. He was one of the
parties sued, and there was another witness to the deed,
and no excuse was given for not calling him. The case,
therefore, was not one in which there was room for the
doctrine of necessity.

The damages were large, but we are not quite prepared
to say that they were excessive.

It is true that there was evidence going to show, per-
haps, that the two fighting squads were about equally to
blame ; but then, it is also true, that there was some evi-
dence going to show that the Umphreys squad was the
more to blame. This was, first, evidence, that they stop-
ped up the road, although the right to its use, was by
special contract in old Hendricks ; secondly, evidence that

they commenced the actual hostilities; thirdly, evidence that they first resorted to their axes. This evidence, the jury had the right to believe; and if they believed it, they were authorized to find against the defendants. And if they were authorized to find against them, it can hardly be said that they might not find as much as they did. The wound was a terrible one.

Judgment affirmed.